**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2868-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALLAN O. PELCAK, JR.,

    Defendant-Appellant.

_____

Submitted September 24, 2018 – Decided October 31, 2018

Before Judges Sabatino and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Accusation Nos. 11-02-0212 and 11-02-0213.

Joseph E. Krakora, Public Defender, attorney for appellant (Brian D. Driscoll, Designated Counsel, on the brief).

Dennis Calo, Acting Bergen County Prosecutor, attorney for respondent (Jenny X. Zhang, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Allan O. Pelcak, Jr. appeals the denial of his post-conviction relief (PCR) petition without an evidentiary hearing. He contends:

> POINT I:
>
> THE COURT ERRED IN FINDING THAT COUNSEL'S ACTIONS IN HAVING THE PSYCHIATRIC REPORT ALTERED DID NOT CONSTITUTE DEFICIENT PERFORMANCE.
>
> POINT II:
>
> THE COURT ERRED IN FINDING THE CLAIM OF INSUFFICIENT FACTUAL BASIS FOR THE PLEAS BARRED BY RULE 3:22-4.
>
> POINT III:
>
> THE COURT ERRED IN DENYING THE CLAIM OF INSUFFICIENT FACTUAL BASIS ON THE MERITS.
>
> POINT IV:
>
> THE COURT FAILED TO ADDRESS THE CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING.
>
> POINT V:
>
> THE APPELLATE DIVISION'S ORDER OF REMAND FOR RESENTENCING WAS NOT PROPERLY ADDRESSED BY THE TRIAL COURT.

A-2868-16T4

Having considered these arguments and the applicable law, we affirm in part, and reverse in part and remand for an evidentiary hearing.

In September 2009, defendant was driving on Route 17 in Mahwah when he saw his ex-wife drive past him. Believing that she was on her way to meet with a co-worker to carpool to work, he drove to their meeting place at a hotel parking lot to confront her about certain legal documents that she sent him earlier that week. Upon arriving at the parking lot, defendant got out of his sports utility vehicle and approached her with a sharp letter opener in his hand. He then repeatedly stabbed her with enough force to knock her down. After she regained her footing and called out for help, he got back in his vehicle and drove directly into her. He drove away to Lyndhurst, where he abandoned his vehicle. Defendant was subsequently arrested and charged with first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3, and third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(1).

Over a year later, defendant, while being held at the Bergen County jail in November 2010, was charged with third-degree aggravated assault on a county corrections officer, N.J.S.A. 2C:12-1(b)(5)(h). The officer suffered broken ribs and a concussion.

A-2868-16T4

In accordance with a negotiated plea agreement, defendant pled guilty in February 2011, to first-degree attempted murder, third-degree hindering apprehension, and assault on a corrections officer. The State agreed to recommend that defendant be sentenced to an aggregate fourteen-year NERA, N.J.S.A. 2C:43-7.2, prison term.

During the plea colloquy, prior to defendant stating that he understood the charges and entering his pleas, his counsel advised the judge that defendant was competent to stand trial based upon a psychiatric examination performed by the defense's psychiatric expert witness. When defendant indicated he was unsure why the doctor came to see him, counsel explained that it was necessary to assess his competency to stand trial.

During defendant's plea to the charge of assaulting a corrections officer, the judge had some concerns when defendant asked her whether he could be found guilty if he thought the officer was "a demon" who was trying to kill him. This caused the judge to ask him a series of questions, and after being satisfied that he knew he was assaulting a corrections officer, the judge stated:

> So if you're going to go with the route that he's a demon, then I can't accept the factual basis. And if you're going to go the route that he's a correction[s] officer, then I can accept the factual basis. So the question is what was he on November 28th of 2010?

 A-2868-16T4

Defendant responded stating, "[h]e was a correction[s] officer." The judge found that a factual basis for the aggravated assault of the corrections officer was satisfied. The judge then asked defendant a series of questions regarding the plea agreement, which led her to find that he was satisfied with his counsel's services and that his pleas were entered into voluntarily without being forced, threatened, or promised anything in return.

Following defendant's plea, the expert issued a report to counsel stating:

> At the time of the alleged offen[se] [against his ex-wife, defendant] suffered from diminished capacity. With respect to the alleged offen[se] [against the corrections officer], he was mentally insane and not criminally responsible for his actions.

Yet, prior to defendant's sentencing, counsel wrote to the expert:

> Your psychiatric report of [defendant] of March 12, 2011 was excellent. However, [he] has already pleaded guilty to the charge of attacking the correction[s] officer at the Bergen County Jail and the sentencing judge therefore will not sentence him if he was "mentally insane and not criminally responsible" for his actions as stated in your report. Please be kind enough to change your conclusion so that it is consistent with the legal language I sent you on March 14, 2011 as attached hereto. Specifically, [defendant] suffered "a severe diminution of mental capacity for the assault on the officer."

A-2868-16T4

The expert complied with the request and changed his report to read that as to the assault on the corrections officer, defendant "had a severe diminution of mental capacity."

Defendant was sentenced to an aggregate fourteen-year NERA prison term in accordance with the plea agreement. On both accusations, the judge applied aggravating factors: one, the nature and circumstances of the offense, including whether it was committed in an especially heinous, cruel, or depraved manner, N.J.S.A. 2C:44-1(a)(1); three, the risk to commit another offense, N.J.S.A. 2C:44-1(a)(3); and nine, the need to deter, N.J.S.A. 2C:44 -1(a)(9). Although the judge applied mitigating factor seven, no prior criminal history, N.J.S.A. 2C:44-1(b)(7), the Judgement of Convictions (JOCs) noted "[d]efendant has prior history of domestic violence [and] violation of restraining orders."

Thereafter, defendant did not appeal his conviction, but appealed his sentence as excessive. An excessive sentencing panel of this court remanded the matter for resentencing because of concerns that there were no certified records confirming the JOCs' reference to defendant's history of violating restraining orders. Thus, the State was ordered to obtain the records of those orders and consider them at defendant's resentencing.

A-2868-16T4

At resentencing, the judge was advised defendant had a history of domestic violence from Rockland County in New York State prior to the attempted murder of his ex-wife, but there was no record that he was convicted of violating any domestic violence restraining orders. The judge amended the JOC only for the attempted murder and hindering offenses to read: "[t]he defendant has no history of prior indictable criminal convictions[.] Defendant has a prior history of a domestic violence violation of restraining order of a Rockland County restraining order based on the State's investigation and included in defendant's discovery." She did not alter defendant's sentences on the convictions.

Almost a year later, defendant filed a PCR petition in August 2015. He alleged that he received ineffective assistance because trial counsel: failed to insure that he provided a factual basis to his first-degree attempted murder plea; failed to honor his request to appeal his convictions; and improperly directed the expert to alter his original report for sentencing, from indicating defendant was "mentally insane and not criminally responsible for" assaulting the corrections officer to indicating "a severe diminution of mental capacity for the assault."

Explaining her reasoning in a written decision, the PCR judge denied defendant's petition without an evidentiary hearing on the basis that he did not

establish a prima facie case of ineffective assistance of counsel. She found his claim that he did not provide sufficient factual basis for his plea agreement was procedurally barred under Rule 3:22-4 because it should have been raised on direct appeal. As to the claim's merits, the judge determined it was lacking based on her finding that the trial judge "extensively questioned" defendant during the plea to insure that he "was entering his plea freely and voluntarily."

As for counsel's request to the expert to change his report, the PCR judge presumed the changed report was submitted at sentencing to argue "defendant's diminished capacity warranted a lesser sentence, without enucleating the plea agreement that the defendant had already accepted." The judge was "troubled by trial counsel's suggested alteration of the report[]" and was "sensitive to defendant's concern[s]," but found counsel's performance was not "deficient under prevailing norms." She reasoned counsel's action was not objectively deficient under Strickland[1] because he "successfully negotiated a global resolution for three accusations against . . . defendant which resulted in an aggregate sentence of fourteen years . . . on first[-]degree attempted murder charge, and concurrent four-year terms of imprisonment on the remaining two [third-degree] counts."

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

The judge further found that the altered report did not prejudice defendant under Strickland because it only effected the aggravated assault of the corrections officer charge for which he received a flat four-year term that ran concurrent with the two offenses against his ex-wife. She reasoned that had defendant sought to employ an insanity defense concerning the charge of aggravated assault against a corrections officer based upon the expert's initial report, "his aggregate sentence would not have been affected," because he received a four-year concurrent sentence for the offense. She further added in a footnote that the State would have rebutted the defense with its own expert, thereby "exposing him to a substantially longer period of incarceration" if his defense was rejected by the trier of fact.

We look to the principles governing our review. To demonstrate ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test by demonstrating that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; accord State v. Fritz, 105 N.J. 42, 58 (1987).

A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462 (1992). The mere raising of a claim for PCR does not entitle a defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). The court should only conduct a hearing if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013).

In cases where the PCR judge does not conduct an evidentiary hearing, we review the judge's determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted). A PCR petitioner carries the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted).

We first address the PCR judge's determination that defendant's contention that counsel failed to insure that he provide a sufficient factual basis for his plea agreement was procedurally barred under Rule 3:22-4 because it should have been raised on direct appeal. Other than for enumerated exceptions, Rule 3:22-4 bars a defendant from employing post-conviction relief to assert a

claim that could have been raised at trial or on direct appeal. See State v. Nash, 212 N.J. 518, 546 (2013).

In this case, defendant should have raised the issue of his factual basis for his plea agreement on direct appeal. However, he did not do so. Defendant's appeal was limited to his claim that he received an excessive sentence. We therefore agree with the PCR judge that this legal argument is procedurally barred by Rule 3:22-4(a). Nonetheless, we will address the merits of defendant's claim of ineffective assistance of counsel, as did the judge, because Rule 3:22-4(a)(2) contains an express exception for claims of ineffective assistance of counsel where that enforcement of the bar to preclude claims would result in fundamental injustice.

Based upon our review of the record, defendant provided a sufficient factual basis during his colloquy for the pled to offenses. For instance, to establish the specific intent needed for attempted murder, defendant responded "yes" when counsel asked him: "[b]ut you knew that as a result of stabbing her with the letter opener, as a result of hitting her, that it could be murder, it could result in her death. You understood that, did you not, and you so indicated to me?" We thus agree with the judge that a factual basis for the attempted murder was satisfied.

With respect to assaulting the corrections officer, defendant admitted in his plea colloquy to understanding the charge, and that he committed this crime knowingly, purposely, or recklessly to cause bodily injury to the corrections officer. After defendant asked the judge whether he would be found guilty if he thought the corrections officer was trying to kill him, she asked a series of questions to determine whether defendant knew that he was assaulting a corrections officer. At the end of the questioning, defendant confirmed that he knew he assaulted a corrections officer.

The judge then addressed the issue of defendant believing the corrections officer was a demon. The judge asked defendant:

> So if you're going to go with the route that he's a demon, then I can't accept the factual basis. And if you're going to go the route that he's a correction[s] officer, then I can accept the factual basis. So the question is what was he on November 28th of 2010?

Defendant responded by stating "he was a correction[s] officer." Thus, we agree with the PCR judge that a factual basis for the aggravated assault of the corrections officer was satisfied.

We next address defendant's contention that counsel was also ineffective during sentencing. He argues: "[C]ounsel inexplicably spoke in a prosecutorial fashion against [him]. He spoke at length about the horrible acts committed,

12

while making absolutely no argument in mitigation." Although this contention was not addressed during the PCR oral argument, it was raised in defendant's PCR brief. The judge, however, was remiss in addressing her written opinion explaining the denial of PCR.

Rule 3:22-11 requires that the judge to "state separately [her] findings of fact and conclusions of law." See also R. 1:7-4 ("[t]he court shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury. . ."). Rather than remanding this particular issue, we exercise our discretion to take original jurisdiction under Rule 2:10-5 because the record allows us make fact-finding decisions free of doubt. Tomaino v. Burman, 364 N.J. Super. 224, 234-35 (App. Div. 2003).

During sentencing, counsel unceasingly argued for a sentence less than the agreed upon fourteen years. He described defendant as a "considerate and kind individual who has a love of his two children, who helped people, who worked hard, who tried to better his life." Counsel proposed that the court consider defendant's mental state and the "turmoil, the agony, the distress" that surrounded his marriage to the victim. He even asked the judge not to deprive defendant completely of ever being a father. He argued mitigating factors that

should weigh in defendant's favor, such as his mental condition, the fact that he has no prior record, and his excellent family background. Given the global negotiated plea agreement of an aggregate fourteen-year prison term for the charges of attempted murder, hindering apprehension, and assault of a corrections officer – which clearly could have resulted in a much longer term based on consecutive sentences – we do not perceive any ineffective assistance by counsel at sentencing.

We, however, do not reach the same conclusion regarding counsel's directing the expert to alter his psychiatric report about defendant. For the following reasons, we remand for an evidentiary hearing because the directive constitutes a prima facie case of ineffective assistance.

Defendant contends the alteration constitutes ineffective assistance because the doctor's original assessment that he "was mentally insane and not criminally responsible for his actions" against the corrections officer was a possible affirmative defense to the accusation. By directing the doctor to change the phrase to state that defendant suffered "a severe diminution of mental capacity," defendant contends he was prejudiced by not being able to present the defense. Defendant further asserts that he was prejudiced because if he persisted and demanded a trial, it would have made it impossible to use the expert as a

witness, having been completely discredited by his alteration of the report. The State contends the judge's reasoning was a proper application of the <u>Strickland</u> factors.

We conclude defendant has established on this discrete issue, a prima facie case of ineffective assistance of counsel under <u>Strickland</u>. Absent some reasonable explanation that might be provided at an evidentiary hearing, we see no reason why counsel would have the expert amend his report by removing language that could potentially support an affirmative defense of insanity to the aggravated assault charge on the corrections officer. While we are in no position based on the record before us as to assess the viability of an insanity defense, the expert's original report warrants a prima facie finding that counsel should not have requested it to be altered because it eliminated an expert opinion supporting such a defense.

We glean further fault with the PCR judge's finding that defendant was not prejudiced by counsel's action. The judge determined that since the insanity defense only applied to the corrections officer incident, it did not affect the conviction or fourteen-year concurrent sentence for defendant's attack on his ex-wife. This reasoning fails to recognize that defendant might not have pled guilty to aggravated assault on the corrections officer if the expert's initial opinion that

he "was mentally insane and not criminally responsible for his actions" was pursued in plea negotiations.

We are certainly mindful that trial counsel generally works closely with a retained expert to present a report that expresses opinions consistent with the law and the facts to further a specific litigation strategy. However, by having an expert alter an opinion that might provide a defense to a crime, as is the case here, counsel may have crossed the line of effective assistance and prejudiced the client. Hence, on remand, it is necessary to find why defendant's counsel thought it was in defendant's overall best interests to have the expert alter the original report.

Affirmed in part, reversed in part and remanded for an evidentiary hearing. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2868-16T4